275 A.2d 632.

WILFRED DEROCHE *vs.* PAUL BASSETT, *Finance Director of the City of Pawtucket.*

APRIL 7, 1971.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

JOSLIN, J. In this civil action a jury in the Superior Court returned a verdict of $25,000 for the plaintiff for personal injuries sustained by him when he tripped and fell because of an alleged defect in a public highway. Ten days subsequent to the entry of judgment the defendant filed in the office of the clerk of the Superior Court a motion for a new trial. The trial justice who presided at the trial in effect refused to hear or pass upon that motion because, in his opinion, it had not been filed within the seven-day limitation fixed for the filing of such motions in G. L. 1956 (1969 Reenactment) §9-23-1. The defendant appealed.

The trial justice's refusal to consider the motion for a new trial in this case antedated our decision in *Gilbert* v. *Girard,* 108 R. I. 120, 272 A.2d 691. There we held that the ten-day period prescribed in Super. R. Civ. P. 59(b) for serving motions for new trials superseded the §9-23-1 seven-day period. In *Gilbert,* to be sure, the motions for new trials were served upon the opposite parties, rather than filed in the clerk's office, whereas the record here discloses that the converse occurred. The difference, however, has no significance. It is, of course, true as we noted in *Gilbert* that Super. R. Civ. P. 5(a) makes service of a motion for a new trial upon the opposite party, rather than the filing of it with the court, the primary act. Rule 5(d), however, provides that filing with the court constitutes a representation by the movant's attorney that a copy has

**374**

been or will be served as required upon the opposite party and that no further proof of service will be necessary, unless the adverse party raises a question of notice. The plaintiff has not raised that question here.

We have then a case where through no fault of his own defendant has been denied the right of having a trial justice pass on his motion for a new trial. Under our practice that was his just entitlement and should not have been denied. The case must, therefore, be remitted to the Superior Court to afford the trial justice before whom the case was heard the opportunity, *nunc pro tunc,* to consider the material evidence and pass on its weight and credibility, and then to determine whether to approve the verdict even against doubts as to its correctness, because the evidence as he views it is nearly balanced or is such that different minds might naturally and fairly come to different conclusions thereon; or, alternatively, to set it aside because it fails to respond truly to the merits of the controversy and to administer substantial justice between the parties.

The defendant is entitled to have his motion for a new trial considered, and to that extent his appeal is sustained. The case is remitted to the Superior Court for further proceedings consistent with this opinion.

*John F. McBurney, William J. Burke,* for plaintiff.

*Gerald J. Pouliot,* Assistant City Solicitor, for defendant.